24CA1387 Peo in Interest of Leensvaart 10-17-2024

COLORADO COURT OF APPEALS

Court of Appeals No. 24CA1387
Pueblo County District Court No. 24MH30052
Honorable Timothy O'Shea, Judge

The People of the State of Colorado,

Petitioner-Appellee,

In the Interest of Edward S. Leensvaart,

Respondent-Appellant.

ORDER AFFIRMED

Division VII
Opinion by JUDGE PAWAR
Tow and Schutz, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced October 17, 2024

Cynthia Mitchell, County Attorney, Kate H. Shafer, Special Assistant County
Attorney, Pueblo, Colorado, for Petitioner-Appellee

Tezak Law, P.C., Mary Tezak, Florence, Colorado, for Respondent-Appellant

¶ 1 Edward S. Leensvaart appeals the district court's order authorizing staff at the Colorado Mental Health Hospital in Pueblo (CMHHIP) to involuntarily medicate him. We affirm the order.

## I. Background

¶ 2 Leensvaart was committed to CMHHIP upon a finding that he was incompetent to proceed in a legal matter. He was diagnosed with an unspecified personality disorder and presented with "a chronic history of difficulties controlling his behaviors, agitated behaviors, aggressiveness, difficulties with impulse control, and threats of suicidal ideation."

¶ 3 In July 2024, Leensvaart refused to take medications prescribed by his treating psychiatrist, Dr. Hareesh Pillai, M.D. The Pueblo County Attorney's Office petitioned the court for an order authorizing involuntary administration of the medications — namely, valproic acid (Depakote) and olanzapine (Zyprexa). The request was amended to add chlorpromazine (Thorazine).

¶ 4 The district court held an evidentiary hearing on the petition. Dr. Pillai testified for the petitioner, and Leensvaart testified on his own behalf. At the end of the hearing, the court found that the petitioner had proved all four elements set forth in *People v. Medina,*

705 P.2d 961 (Colo. 1985), and issued an order allowing CMHHIP staff to administer the requested medications to Leensvaart against his will.

## II. Legal Principles and Standard of Review

¶ 5    A court may authorize the involuntary administration of medication when clear and convincing evidence demonstrates that (1) the person is incompetent to effectively participate in the treatment decision; (2) the treatment is necessary to prevent a significant and likely long-term deterioration in the person's mental health condition or to prevent the likelihood of the patient causing serious harm to himself or others in the institution; (3) a less intrusive treatment alternative is not available; and (4) the person's need for treatment is sufficiently compelling to override any bona fide and legitimate interest of the person in refusing treatment. *Id.* at 973.

¶ 6    We determine whether the evidence, viewed as a whole and in the light most favorable to the prevailing party, is sufficient to support the court's order. *People in Interest of R.K.L.*, 2016 COA 84, ¶ 13. Application of the *Medina* test is a mixed question of fact and law. *People v. Marquardt,* 2016 CO 4, ¶ 8. We defer to the district

court's factual findings if they are supported by the record but review the court's legal conclusions de novo. *Id.* Both the resolution of testimonial conflicts and the determination of witness credibility are solely within the province of the fact finder. *People in Interest of Ramsey*, 2023 COA 95, ¶ 23. The testimony of the physician seeking to administer treatment may be sufficient, without more, to satisfy the *Medina* test. *R.K.L.*, ¶ 30.

## III. Discussion

¶ 7 Leensvaart does not contest the district court's determination of the second, third, and fourth elements of the *Medina* test. He contends only that the evidence presented at the hearing was insufficient to prove the first *Medina* element: that he is incompetent to effectively participate in the treatment decision. We are not persuaded.

¶ 8 At the hearing, Dr. Pillai testified that Leensvaart is incompetent to effectively participate in decisions affecting his health, including the decision on whether and what psychiatric medications are needed for his treatment. Dr. Pillai based this opinion on Leensvaart's "long history of impulsive behaviors and inability to control his behaviors when he becomes frustrated or

3

emotional." This was reflected, Dr. Pillai said, through "behaviors like throwing feces, banging his head on the wall, and flooding his cell" while he was in jail, and a continuing pattern of aggressive behaviors at CMHHIP, "including charging at security, spitting at staff, and, more specifically, spitting blood." Dr. Pillai also recognized that Leensvaart requested different medications than those prescribed and testified that Leensvaart's preferred medications were not effective and one was contraindicated for effectively treating his condition.

¶ 9 For his part, Leensvaart testified that he had a mental illness and identified the medications he preferred to take.

¶ 10 The district court credited Dr. Pillai's testimony, finding it credible and persuasive. Based on the opinions expressed by Dr. Pillai, the court found that Leensvaart had limited insight into his mental illness, was incapable of making informed treatment decisions, and was incompetent to effectively participate in treatment decisions.

¶ 11 On appeal, Leensvaart asserts that he "demonstrated a clear understanding and insight into his mental illness." And he contends that any discrepancy between his and Dr. Pillai's

4

assessments of his condition and appropriate treatment were mere differences of opinion that do not render him incompetent to effectively participate in treatment decisions under *Medina*'s first factor. But the district court credited Dr. Pillai's testimony that Leensvaart's preferred medications were ineffective and contraindicated and that Leensvaart refused to voluntarily take medications that were effective. We are not free to disturb this credibility-based determination and indeed, must defer to it. *Ramsey*, ¶¶ 23, 30. As a result, we conclude that sufficient evidence supports the court's determination that Leensvaart is incompetent to effectively participate in the relevant treatment decision to administer the prescribed medications.

## IV. Disposition

The order is affirmed.

JUDGE TOW and JUDGE SCHUTZ concur.